UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

| | |
|---|---|
| ADRON LITTLMANE FLOYD, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-283 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| EMMET COUNTY CORRECTIONAL ) | |
| FACILITY et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated in the Emmet County Correctional Facility (Correctional Facility), where he has been held since February 16, 2006, apparently as a pretrial detainee. Plaintiff alleges that the Correctional Facility has no law library, and on March 20, 2006 his request for access to the law library located in the county courthouse was denied. He also alleges that the Correctional Facility does not have a full-time doctor or registered nurse on duty. Correctional officers deliver to the inmates packets of medication that have been prepared by the nurse, and deliver to the nurse any health-care kites that have been written by the inmates. He alleges that under the rules of the Correctional Facility, inmates are prohibited from corresponding with other inmates. Finally, he alleges that the price of items in the commissary are significantly inflated.

Plaintiff brings this suit against the Correctional Facility, Correctional Facility administrator Brenda Ford, and the Swanson Corporation, which operates the Correctional Facility's commissary. He claims that the Correctional Facility and Brenda Ford are violating his First Amendment rights and the doctor-patient privilege. He claims that the Swanson Corporation is engaged in price-gouging.

Plaintiff states that he is bringing this case as a class action. He is seeking only injunctive relief.

II.   Exhaustion of administrative remedies

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison

conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Under the Correctional Facility's rules, "inmates may file a grievance by using an inmate's communication kite. All grievances will be resolved at the lowest chain of command level." Pl.'s Compl., Ex. 1. There is no provision for appealing the decision. Plaintiff filed communication kites regarding each of the issues he is raising in his complaint. Pl.'s Compl., Ex. 2. Accordingly, the Court finds that Plaintiff has exhausted the administrative remedies that were available to him at the Correctional Facility. However, even if the exhaustion requirement were not satisfied, courts need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will dismiss his action without first requiring Plaintiff to establish that he has exhausted his available administrative remedies.

### III.   Class action

The Court construes Plaintiff's statement that this case is a class action as a request for class certification. For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). The Fourth Circuit has held that incarcerated, *pro se* litigants are inappropriate representatives of the interests of others. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Sule v. Story*, No. 95-1422, 1996 WL 170156, at *1 (10th Cir. Apr. 11, 1996) (collecting cases). In numerous unpublished decisions, the Sixth Circuit has followed the Fourth Circuit's decision in *Oxendine*. *See*

*Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. Apr. 25, 1996); *Barnes v. Dunn*, No. 91-5889, 1991 WL 243553, at *1 (6th Cir. Nov. 21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257 (6th Cir. May 7, 1991). Accordingly, because Plaintiff is an incarcerated, *pro se* litigant, the Court finds that he is not an appropriate representative of a class. Therefore, the Court will deny Plaintiff's request for class certification.

III.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Defendant Emmet County Correctional Facility**

Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. A correctional facility is not a "person," and therefore, is not capable of being sued under the statute. *See e.g., Darby v. Pasedena Police Dep't*, 939 F.2d

311, 313-14 (5th Cir. 1991); *Oladipupo v. Austin,* 104 F.Supp.2d 626, 641-42 (W.D. La. 2000); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County jail is a building, not a person subject to suit); *McCoy v. Chesapeake Corr. Ctr.,* 788 F.Supp. 890, 893-94 (E.D.Va.1992) (local jail not a "person" amenable to suit under § 1983); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 (10th Cir. June 21, 2000); *McLeod v. Still,* No. 05-4635, 2006 WL 372989, at *4 (D.N.J. Feb. 16, 2006); *Meyers v. Schuylkill County Prison*, No. 4-cv-04-1123, 2006 WL 559467, at *8 (M.D.Pa. Mar. 7, 2006); *Spratt v. DeKalb County Jail*, No. 1:05-cv-254, 2005 WL 1958654, at *3 (N.D. Ind. Aug. 12, 2005); *Seals v. Grainger County Jail*, No. 3:04cv606, 2005 WL 1076326, at *2 (E.D. Tenn. May 6, 2005). Accordingly, accepting as true all well-pleaded allegations of the complaint, it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief under § 1983 against the Correctional Facility.

### B.  Defendant Brenda Ford

Plaintiff claims that Defendant Ford violated his First Amendment right of access to the courts by refusing to establish a law library at the Correctional Facility and refusing Plaintiff's request for access to the county law library. It is well established that prisoners have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), but the right extends only to direct appeals, habeas corpus applications, and civil rights claims. *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). In order to state a viable claim for interference with his access to the courts, a plaintiff must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury that "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Dellis v.*

*Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Plaintiff has not alleged that his lack of access to a law library has caused him any prejudice or injury to a direct appeal, habeas corpus application, civil rights claim, or, in fact, any other type of legal claim. Thus, he has failed to state a First Amendment access to the courts claim.

Under the Correctional Facility's rules, there is "no mail delivery between inmates while incarcerated." Pl.'s Compl., Ex. 1. Plaintiff claims that the rule is unconstitutional. "[A] section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell,* 199 F.3d 350, 357 (6th Cir.2000). Only the actual victim, or his estate, may bring a claim under § 1983. *Id.* Plaintiff does not allege that he was personally affected by the rule. He does not allege that he was prevented from writing to an inmate or that he had any need to correspond with another inmate. Plaintiff's reference in his complaint to another inmate who was prohibited from writing to his wife, also an inmate, cannot serve as a basis for Plaintiff's claim.

Plaintiff further claims that there is not a doctor or registered nurse on duty 24 hours a day. The basis for this claim is the Eighth Amendment's prohibition against the deliberate indifference to prisoners' serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Napier v. Madison County,* 238 F.3d 739, 742 (6th Cir.2001). Although the Eighth Amendment does not apply to pretrial detainees, the right to adequate medical treatment attaches through the Due Process Clause of the Fourteenth Amendment, which affords pretrial detainees rights "analogous" to those of prisoners. *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983). However, because Plaintiff has not alleged that he personally suffered any injury as a result of the situation, he has not stated a claim that would entitle him to relief under § 1983.

Plaintiff finally claims that the practice of officers delivering medication to inmates, and having access to inmates' medical kites and medical files, violates the doctor-patient privilege. The Federal Rules of Evidence does not recognize a physician-patient privilege, *see* FED. R. EVID. 501. It is simply a state evidentiary rule which confers no substantive federal rights on Plaintiff, and is not applicable under the circumstances. Construing Plaintiff's *pro se* complaint liberally, as the Court must, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff may be attempting to claim that he has a constitutional right to privacy with regard to his medical status. The Sixth Circuit has held that the federal constitution "[d]oes not encompass a general right to nondisclosure of private information." *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981). "[O]nly when fundamental rights are implicated does a privacy concern take on constitutional dimensions." *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995) (holding that the disclosure of a non-inmate's confidential medical records did not violate a constitutional right); *and see Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994) (holding inmate's constitutional rights not violated by disclosure of his medical condition); *Coleman v. Martin*, 63 F. App'x 791, 792 (6th Cir. 2003) (holding that dissemination of prisoner's mental health records to parole board did not implicate a constitutional right); *Reeves v. Engelsgierd*, No.04-71411, 2005 WL 3534096, at *4 (E.D. Mich. Dec. 23, 2005) (holding doctor did not violate prisoner's constitutional rights by discussing prisoner's medical condition with non-medical staff and in front of other inmates). Plaintiff has not stated a claim cognizable under § 1983 with regard to the delivery of medication and health kites by correctional officers.

### C. Defendant Swanson Corporation

Plaintiff claims that the Swanson Corporation is engaged in price-gouging. Plaintiff does not identify what federal right is violated by Swanson Corporation's alleged price-gouging. However, prisoners have no constitutionally guaranteed right to purchase commissary items at the same or lower price than charged at regular retail stores. *Tunnell v. Robinson*, 486 F. Supp. 1265 (W.D. Pa 1980); *United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114 (S.D.N.Y. 1977), *rev'd on other grounds sub nom Bell v. Wolfish*, 441 U.S. 520 (1979); *Torres v. Droun*, No. 301CV1844DJSTPS, 2004 WL 721729, at *7 (D. Conn. Mar. 30, 2004); *Bagwell v. Brewington-Carr*, No. 97-714-GMS, 2000 WL 1239960, at *3 (D.Del. Aug. 25, 2000) (stating "an inmate has no constitutionally protected right to purchase food or other items as cheaply as possible through the prison commissary"); *Acree v. Peterson*, No. 99-1085, 2000 WL 1141587, at *7 (D.Or. Aug. 1, 2000); *Bennett v. Sheahan*, No. 99-cv-2270, 1999 WL 967534, at *4 (N.D. Ill. Oct. 5, 1999).

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

       This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

       A Judgment consistent with this Opinion will be entered.


Dated:   May 23, 2006              /s/ Gordon J. Quist
                                                          Gordon J. Quist
                                                          United States District Judge